AUSA CHASE

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>RICARDO ORLANDO LOPEZ<br>and<br>CHRISTOPHER JAMAL JONES<br><br>*Defendant(s)* | )<br>)<br>) Case No. 21-6527-STRAUSS<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 15, 2021__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1), 846 and 841(b)(1)(A)(viii) | Attempt to Possess with the intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, or salts of its isomers and Conspiracy to commit the same. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Henry Ramos, Task Force Officer, USPIS
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime.

Date: 09/17/2021

_____
*Judge's signature*

City and state: Fort Lauderdale, Florida      JARED M. STRAUSS; U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Henry Ramos, being first duly sworn, depose and state as follows:

1. I have been a U.S. Postal Inspector Task Force Officer with the United States Postal Inspection Service ("USPIS") since March 2021. I am currently assigned to the Miami Division, West Palm Beach Domicile miscellaneous team of the USPIS and one of my responsibilities are investigations involving the illegal use of the U.S. Mail to traffic narcotics and firearms.

2. I have received training on the subject of narcotics trafficking and money laundering from the USPIS and different methods involving the transportation of firearms and/or narcotics, and proceeds derived from the distribution of firearms and narcotics via mail, in violation of 18 U.S.C. §§ 922(a)(1)(A) & (a)(3), and 1715, and 21 U.S.C. §§ 841(a)(1), 843(b), and 846. I have also received training involving the use of the mail and the Postal Service to launder and smuggle currency derived from specified unlawful activities, including narcotics distribution, in violation of 18 U.S.C. §§ 1956 and 1957. I have also participated in interdiction operations targeting parcels containing illegal firearms, narcotics, and proceeds, throughout the continental U.S. While conducting investigations relative to the mailing of firearms, narcotics, and currency, I have had the opportunity to become familiar with known trafficking source and destination areas, various smuggling methods and techniques used by traffickers, and the manner in which traffickers package illicit firearms, narcotics and related proceeds.

3. The information contained in this Affidavit is based on my personal observations, my experience, my training, and information provided by other law enforcement officers and agents. Because this Affidavit sets forth only those facts that I believe are necessary to establish probable cause, it does not include every fact of which I am aware.

4. This Affidavit is submitted in support of an application to establish probable cause for the arrests of Ricardo Orlando LOPEZ and Christopher Jamal JONES for violations of Title 21, United States Code, Sections 841(a)(1), 846, and 841(b)(1)(A)(viii), relating to the attempted possession

with the intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers, and conspiracy to do the same.

5.     On or about September 9, 2021, United States Postal Service package bearing Priority Mail Express Tracking Number EI 039 292 640 US addressed to "Auto Body Shop aka Castro, 149 SE Second St., Bay 1, Deerfield Beach, Florida 33441 ("TARGET PARCEL") was placed in an open-air setting among similar sized parcels lined up on the floor at a USPS facility in Palm Beach, Florida. All the parcels were examined by a narcotics-trained canine named "Wall-E," who alerted to the TARGET PARCEL for the presence of narcotics. Palm Beach County Sheriff's Office Deputy Cesar Tejada and "Wall-E" have trained and worked as a team for approximately three years. "Wall-E" has successfully completed 420 hours of Narcotics Detection Courses and is certified in the detection of cocaine, heroin, methamphetamine and ecstasy, and derivatives of these controlled substances. "Wall-E" is certified on a yearly basis.

6.     On or about September 13, 2021, the TARGET PARCEL was opened pursuant to a Federal search warrant (case No.: 21-MJ-8352-BER). Within the parcel, law enforcement recovered approximately 2,131 grams of a substance which field tested positive for the presence of methamphetamine, a Schedule II controlled substance.

7.     Law enforcement removed the suspected methamphetamine from the TARGET PARCEL and replace it with a sham substance similar to the package's original contents. The sham substance was inserted inside the TARGET PARCEL. Pursuant to case number 21-6523-STRAUSS, Magistrate Judge Jared M. Strauss granted permission for the TARGET PACKAGE to be equipped with a GPS tracking device and a beeper. The purpose of the tracker was to monitor the movement of the TARGET PARCEL once the TARGET PARCEL was delivered. The purpose of the beeper was to send an audible signal to a receiver inside a vehicle occupied by law enforcement to provide notification when the TARGET PARCEL was opened.

8.      On or about September 15, 2021, at approximately 12:04 P.M., USPIS Inspector J. Hernandez, acting in an undercover capacity, delivered the TARGET PARCEL to a Hispanic male, later identified as Ricardo Orlando LOPEZ ("LOPEZ") at 149 SE Second Street, Bay 1, Deerfield Beach, Broward County, Florida.  With the assistance of the Drug Enforcement Administration ("DEA") air support, LOPEZ was observed taking possession of the TARGET PARCEL and entering 149 SE Second Street, Bay 1, Deerfield Beach, Broward County, Florida.

9.      On or about September 15, 2021, at approximately 12:54 P.M., LOPEZ was seen driving away from 149 SE Second Street, Bay 1, Deerfield Beach, Broward County, Florida. As LOPEZ drove away, law enforcement received alerts via the GPS tracker that the TARGET PARCEL was now moving.  Law enforcement officers and DEA air support monitored the location of LOPEZ and the TARGET PARCEL, which indicated both being in the same location.  LOPEZ drove in an indirect manner to his destination, making U-Turns and circuitous detours.  LOPEZ suddenly exited Interstate 95 South, drove to locations where surveillance could easily be detected, and returned to Interstate 95 South.  Through my training and my experience, I recognized these tactics as driving maneuvers used by individuals transporting drugs to attempt to identify the presence of law enforcement conducting surveillance of their activity.

10.     On or about September 15, 2021, at approximately 1:30 P.M., LOPEZ arrived in the area of a residence located at 1931 NW 27th Street, Oakland Park, Broward County, Florida. LOPEZ parked the Chrysler 300 automobile LOPEZ was driving next to a gray Honda Civic at the side of this residence that has a vacant lot adjacent.  Immediately upon arriving, LOPEZ met with a black male, later identified as Christopher Jamal JONES ("JONES"), outside of their vehicles. The TARGET PARCEL was removed from LOPEZ's vehicle.  The TARGET PARCEL was opened.  JONES was observed removing several items from the TARGET PARCEL and placing them into the gray Honda

Civic. LOPEZ and JONES continued to examine the contents of the TARGET PARCEL. LOPEZ and JONES suddenly fled from the area in their respective automobiles.

11. Law enforcement pursued LOPEZ with police blue lights activated periodically from the residence located at 1931 NW 27th Street, Oakland Park, Broward County, Florida to the traffic light at the Sample Road off ramp from Interstate 95 North or a distance of approximately 9.7 miles according to Mapquest. LOPEZ was apprehended with law enforcement vehicles surrounded the Chrysler 300 driven by LOPEZ preventing its movement, LOPEZ exited the Chrysler 300 with his hands raised as commanded by law enforcement officers with their firearms drawn. LOPEZ was crying. LOPEZ said without questioning by law enforcement that he had, in essence, messed up.

12. JONES traveled a short distance of approximately .4 miles from the residence at 1931 NW 27th Street, Oakland Park, Broward County, Florida to where he was apprehended because a truck was blocking traffic at around 1824 NW 29th Street, Oakland Park, Broward County, Florida. However, JONES did not drive directly between these two locations but instead zig-zagged on residential streets between these two locations at speeds in excess of the posted speed limit causing the pursuing police officers' supervisor to instruct that the high speed pursuit end. After being handcuffed and seated on the ground, an individual asked what JONES had done. JONES responded that he had bought "hard." An inventory search done of JONES' car because his Honda Civic was towed led to the discovery and seizure of children's toys that had been inside the TARGET PARCEL in an attempt to conceal the methamphetamine.

13. After the apprehension of JONES, law enforcement officers traced the route traveled by JONES during his unsuccessful attempt to flee. Along this route, the TARGET PARCEL's box with the sham methamphetamine inside was found and seized as evidence near the intersection of NW 18th Terrace and NW 28th Street. The GPS was recovered and seized as evidence from bushes at the residence located at 2401 NW 27th Street.

14. After being advised orally of his *Miranda* rights and waiving the same, JONES explained his actions by stating he had met LOPEZ to pick up some children's toys. When asked why he fled if he was picking up children's toys, JONES did not have an explanation.

15. Based on the above information and facts, your affiant submits there is probable cause to believe that Ricardo Orlando LOPEZ and Christopher Jamal JONES, on September 15, 2021, in Broward County, Florida, did knowingly and intentionally attempt to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, and conspiracy to commit the same, in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 841(b)(1)(A)(viii).

FURTHER AFFIANT SAYETH NAUGHT.

HENRY RAMOS
Task Force Officer
United States Postal Inspection Service

Sworn to and subscribed before me in accordance with Fed.R.Crim.P.4.1 by FaceTime this 17th day of September 2021.

JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 21-6527-STRAUSS

## BOND RECOMMENDATION

DEFENDANT: RICARDO ORLANDO LOPEZ

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Donald F. Chase, II*
AUSA:   Donald F. Chase, II

Last Known Address: _____

_____

_____

What Facility:   _____

_____

Agent(s):   USPIS TFO Henry Ramos
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
Cell Phone (561) 577-2139

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 21-6527-STRAUSS

**BOND RECOMMENDATION**

DEFENDANT: Christopher Jamal James

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Donald F. Chase, II*
AUSA:   Donald F. Chase, II

Last Known Address: _____

_____

_____

What Facility:   _____

_____

Agent(s):   USPIS TFO Henry Ramos
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
Cell Phone (561) 577-2139